**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**CHARRON BUTTS,**

**Petitioner,**

**v.** **Criminal Action No. 2:01cr155**
**Civil Action No. 2:03cv262**

**UNITED STATES OF AMERICA**

**Respondent.**

**ORDER**

______This matter comes before the court on the petitioner's September 14, 2004 and March 21, 2005 motions requesting relief pursuant to 28 U.S.C. § 2255. Both of these pleadings request collateral relief in reliance on the decisions of the Supreme Court in Blakely v. Washington, 124 S. Ct. 2531 (2004) and/or United States v. Booker, 125 S. Ct. 738 (2005) that have resulted in the application of the precepts articulated in Apprendi v. New Jersey, 530 U.S. 466 (2000) to the federal sentencing guidelines. The court determines, however, that it lacks jurisdiction over the petitioner's motions, as they are successive requests for section 2255 relief that have not been authorized by the United States Court of Appeals for the Fourth Circuit. Accordingly, the motions filed on September 2004 and March 21, 2005 are **DISMISSED**.

I. Background

On August 13, 2001, a federal grand jury returned a four-count indictment against the petitioner, charging him with drug and firearm related offenses. Midway through his jury trial, the petitioner pleaded guilty to the first and third counts of the indictment, charging him with

possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On February 13, 2002, the court sentenced the petitioner to life imprisonment on Count One and a concurrent 120 months on Count Three. The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. Following a motion to dismiss by the government, the Fourth Circuit dismissed the appeal on October 9, 2002.

The petitioner filed a section 2255 motion on April 14, 2003, and the government responded on June 18, 2003. On September 30, 2003, the court denied the section 2255 motion and denied the petitioner a certificate of appealability ("COA"). On March 25, 2004, the petitioner filed a motion to vacate the denial of his section 2255 motion, pursuant to Federal Rule of Civil Procedure 60(b). In an order entered on July 1, 2004, the court denied this motion, finding it to be a successive request for section 2255 relief without the required authorization from the court of appeals. The court advised the petitioner that he could appeal the denial of the motion to vacate.

The petitioner then sought authorization from the Court of Appeals to file a successive section 2255 motion. On October 15, 2004, the United States Court of Appeals for the Fourth Circuit denied the petitioner's request. Prior to this denial, the petitioner, on September 14, 2004, filed a motion requesting section 2255 relief based on the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004).

On March 21, 2005, the petitioner filed another motion seeking collateral relief, in reliance on Apprendi, Blakely and the Supreme Court's most recent decision in United States v. Booker, 125 S. Ct. 738 (2005). In both the September and March pleadings, the petitioner claims

that his sentence was unconstitutionally enhanced by judicially determined facts, in violation of his rights under the Sixth Amendment. The September 14, 2004 motion also includes claims of ineffective assistance of counsel and a claim that the court erred in denying the petitioner's motion to withdraw his guilty plea. Although not expressly worded as such, it appears that the petitioner, in the wake of Booker, intended that the March 21, 2005 motion serve as a supplement to the September 14, 2004 request for collateral relief.

II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 18 U.S.C. § 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the court of appeals. 28 U.S.C. § 2255. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003).

The petitioner relies on the language in section 2255 that permits the filing of a section 2255 motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 para. 8(2). This language, however, governs the applicability of the AEDPA statute of limitation to initial section

2255 motions, not to successive motions.

In the absence of certification by the Fourth Circuit, the district court lacks jurisdiction to consider successive requests for collateral relief. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Such authorization will only be granted if the court of appeals certifies that the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Court of Appeals has already denied the petitioner authorization to file a successive application for section 2255 relief following the initial denial of his section 2255 motion by this court. The problem for the petitioner in again seeking certification from the Court of Appeals will be that, assuming that Blakely and Booker constitute a new rule of law, the governing language of section 2255 provides that in order for a petitioner, who has completed his first round of section 2255 review, to reap any benefit from a new rule, the Supreme Court itself must explicitly make the new rule retroactive to cases on collateral review. See 28 U.S.C. § 2255 para. 8(2); Tyler v. Cain, 533 U.S. 656, 662 (2001).

The Supreme Court has not held that the rule announced in Blakely, and extended to the federal sentencing guidelines in Booker, is retroactive to claims on collateral review. In fact, Justice Breyer's opinion for the remedial majority in Booker explained that "we must apply today's holdings - both the Sixth Amendment holding and our remedial interpretation of the

Sentencing Act - to all cases on direct review." Booker, 125 S. Ct. at 769. Clearly, this is not an explicit indication that the Supreme Court considers the Booker decision to be retroactive to cases on collateral review; however, this determination is one for the Court of Appeals in the instant case.

III. Conclusion

As the petitioner has not obtained the appropriate certification from the Court of Appeals, the court finds that he is barred from filing successive requests for section 2255 relief. Accordingly, the September 14, 2004 and March 21, 2005 motions must be **DISMISSED** because the court lacks jurisdiction to entertain either motion. See Winestock, 340 F.3d at 207.

The court advises the petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 29th, 2005